```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GABRIEL FALCO,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               18-CV-2480(JS)(GRB)
ANTHONY SANTORO, SPECTRUM PSYCHOLOGY
SERVICES, PCLLC, LAURA BOWERY,
SEA AIRE INC., JEANMARIE COSTELLO,
HEIDI HILTON, DARELLE CAIRO, CORRIS
NICKENS, JUNE JOHNSON, DON STEWART,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Gabriel Falco, pro se
                   700 Health Sciences Drive
                   Mailbox 843
                   Stony Brook, NY 11970

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On April 26, 2018, pro se plaintiff Gabriel Falco ("Plaintiff") filed a Complaint in this Court against Anthony Santoro ("Dr. Santoro") and Spectrum Psychology Services, PCLLC ("Spectrum"), Laura Bowery ("Bowery"), Sea Aire Inc., Jeanmarie Costello ("Costello"), Heidi Hilton ("Hilton"), Darelle Cairo ("Cairo"), Corris Nickens ("Nickens"), June Johnson ("Johnson"), and Don Stewart ("Stewart" and collectively, "Defendants") together with an application to proceed in forma pauperis. For

the following reasons, Plaintiff's application to proceed in forma pauperis is GRANTED but the Complaint is sua sponte DISMISSED.[1]

BACKGROUND[2]

Plaintiff is no stranger to this Court. The instant action is Plaintiff's third attempt to bring issues arising from his matrimonial action in New York State Supreme Court, Suffolk County (the "Matrimonial Action"), to this Court.[3] Plaintiff's instant Complaint is a seventy-four (74) page, including exhibits, diatribe against his ex-wife, Bowery; her attorney in the underlying Matrimonial Action, Costello; the Court-appointed attorneys for their children in the Matrimonial Action, Hilton and Cairo; the caseworkers employed by the Suffolk County Office of Child Protective Services ("CPS"), Nickens and Johnson; and the Court-appointed psychologist, Dr. Santoro. (Compl. ¶¶ 20, 22, 24-

---

[1] On December 14, 2018, Plaintiff filed a "Re[]quest to Withdraw Action." (See Docket Entry 9.) Given the dismissal of the Complaint, Plaintiff's application is DENIED as it is now moot.

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[3] See Falco v. Justices of the Matrimonial Parts of the Sup. Ct., Suffolk Cty., 805 F.3d 425 (2d Cir. 2015) (affirming dismissal of Complaint because abstention was warranted under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)); see Falco v. Santoro, et al., 17-MC-0440 (denying petition seeking pre-action discovery).

28.) The disjointed and rambling Complaint is difficult to comprehend.

As the Court can best understand, Plaintiff seeks to bring claims for "fraud and other tort-based claims", "declaratory relief to rescind a contract", and deprivation of his Fourth and Fourteenth Amendment rights to due process. (Compl. ¶ 1, 104, 106.)

According to the Complaint, in August 2013, Plaintiff commenced an action for divorce against Bowery (the "Matrimonial Action"). (Compl. ¶ 31.) At that time, Plaintiff "was awarded temporary custody of the children, then ages 14 months and three years." (Compl. ¶ 32.) Plaintiff alleges that the divorce action was re-assigned to Justice Marlene Budd who then changed custody of the children to their mother, Bowery. (Compl. ¶ 35.) On August 5, 2014, Justice Budd appointed Dr. Santoro to conduct a forensic evaluation of Plaintiff and Bowery with respect to custody of their children and related issues. (Compl. ¶ 36.) Plaintiff and Bowery were further directed to remit a "retainer fee and/or fees for the forensic evaluation and for the forensic report" to Dr. Santoro, with costs to be shared equally, subject to reallocation. (See Forensic Evaluation Order, Compl. Ex. 3, Docket Entry 1-3.) Plaintiff claims he was "pressed" by Dr. Santoro to execute a Retainer Agreement which "he could not afford to pay." (Compl. ¶ 45.)

3

Plaintiff further alleges that during his meetings with Dr. Santoro, Dr. Santoro referenced partisan politics and gender bias that could influence the disposition of the Matrimonial Action, as well as the notion that in some cases, forensic reports were ordered as a means of "assisting the Court in running litigants out of funds as a means of preventing them from insisting upon trial." (Compl. ¶¶ 40-41.) Plaintiff further alleges that he filed a motion in the Matrimonial Action requesting that Dr. Santoro's fees be reallocated "[b]ecause of the disparity in the financial condition of the parties." (Compl. ¶ 42.) However, according to Plaintiff, Justice Budd "refused to timely address [his] motion for reallocation." (Compl. ¶ 43.)

Plaintiff also alleges that, at a November 2013 court appearance, he signed a new visitation schedule stipulation before Justice Budd. However, Plaintiff avers that, after he signed it, "the stipulation was altered, swapping custody from Falco to Bowery." (Compl. ¶ 73.) Plaintiff claims that, in or about June 2017, he "discovered that Costello had altered the first page of the Stipulation . . . [and] alleged this in moving papers he filed with the Court." (Compl. ¶ 74.) Further, Plaintiff claims that papers "he properly and timely filed with the Court were lost, misplaced or not recognized at least three times." (Compl. ¶ 87.) Plaintiff next claims that on April 2, 2016 he "entered into a flawed stipulation of settlement" because he had been "led to

believe that his papers would continue not [to] be recognized and the Court would not recognize him as the less monied spouse." (Compl. ¶ 91.)

Based on the foregoing, Plaintiff alleges that he was deprived of his rights under the Fourth and Fourteenth Amendments as well as state law claims of fraud, "declaratory relief to rescind a contract", and "constructive denial." (Compl. ¶¶ 1, 104, 106, 108.) For relief, Plaintiff seeks an unspecified sum as compensatory and punitive damages as well as "an order that Defendants Santoro, Cairo, and Hilton promptly serve on Plaintiff their records bearing upon the matrimonial litigation." (Compl. at 35.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune

5

from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the court lacks jurisdiction over the matter. FED. R. CIV. P. 12(h)(3).

6

III. The Domestic Relations Exception Bars Plaintiff's Claims

Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds. Marshall v. Marshall, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (internal quotation marks and citation omitted); Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (dismissing pro se complaint seeking to challenge state court child custody order because federal court review was barred by the domestic relations exception) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2214-15, 119 L. Ed. 2d 468 (1992); Mitchell-Angel v. Cronin, 101 F.3d 108 (2d Cir. 1996) (unpublished opinion); Am. Airlines v. Block, 905 F.2d 12, 14 (2d Cir. 1990)). This exception is based upon a "policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which the federal courts lack." Thomas v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993).

As is readily apparent, Plaintiff's claims here seek to challenge determinations in the state court: (1) placing his children in the custody of their mother and limiting Plaintiff's visitation with them; (2) ordering a forensic evaluation by Dr. Santoro with costs of same to be shared by the parties; and (3) "enter[ing] into a flawed stipulation of settlement." (Compl.

7

¶¶ 35-36, 91.) Such claims unquestionably implicate the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations. Specifically, the Supreme Court has recognized "that [t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt, 504 U.S. at 703, 112 S. Ct. at 2214 (internal quotation marks and citation omitted; alteration in original); Sobel v. Prudenti, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." (internal quotation marks and citation omitted); see also Hernstadt v. Hernstadt, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] In re Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L. Ed. 500 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation.").

Although Plaintiff styles some of his claims as raising constitutional issues, the allegations stem from a state domestic relations matter and are thus outside this Court's jurisdiction. McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the

court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, the district court did not have subject matter jurisdiction) (citing Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); see also Sullivan v. Xu, 10-CV-3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (no jurisdiction over the plaintiff's challenges to child custody and child support orders).

Accordingly, because Plaintiff seeks a determination that he was improperly denied custody and/or visitation with his children, as well as that the stipulation of settlement of the underlying matrimonial should be invalidated, the Court lacks jurisdiction and this action is barred by the domestic relations exception to this Court's jurisdiction. The Complaint is thus DISMISSED pursuant to FED. R. CIV. P. 12(h)(3). See Neustein, 732 F. Supp. at 339 (an action is barred by domestic relations exception if, "in resolving the issues presented, the federal court becomes embroiled in factual disputes concerning custody and visitation . . . .").

IV. The Rooker-Feldman Doctrine Also Bars Plaintiff's Claims

Even if Plaintiff's Complaint was not barred by the domestic relations exception, the Rooker-Feldman doctrine precludes review of Plaintiff's claims in this Court. Coalescing

the Supreme Court's holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-17, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), the Rooker-Feldman doctrine prohibits federal district courts from considering collateral attacks to state court judgments. There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment simply by casting his [or her] complaint in the form of a civil rights action." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (internal quotation marks and citation omitted).

Here, Plaintiff's allegations seek to collaterally attack the state court's orders against Plaintiff relating to the custody and visitation of his children as well as the settlement of his matrimonial action. Plaintiff who has lost in state court and who now complains of injuries caused by the state court,

10

invites this Court to review and reject the state court orders, all of which were issued before April 26, 2018, the date Plaintiff filed his Complaint in this Court. Thus, because all of the Rooker-Feldman requirements are satisfied, the Court lacks jurisdiction to adjudicate Plaintiff's claims. Accordingly, the Complaint is DISMISSED pursuant to FED. R. CIV. P. 12(h)(3) on the additional ground that the Rooker-Feldman doctrine divests this Court of jurisdiction.[4]

V.  Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112

---

[4] Given that the Court lacks subject matter jurisdiction, the Court need not address the fact that, insofar as Plaintiff seeks to impose Section 1983 liability on the court-appointed attorneys for the children in the Matrimonial Action, as well as court-appointed psychologist and caseworkers, such individuals do not act under color of state law and are immune from suit under the doctrine of absolute witness immunity. See DiCostanzo v. Henriksen, 94-CV-2464, 1995 WL 447766, *2 (S.D.N.Y. July 28, 1995) ("Although a law guardian is appointed by the state, once he is appointed, he must exercise independent, professional judgment on behalf of his client, and is therefore not acting under color of state law for purposes of Section 1983."); Henderson v. Heffler, 07-CV-487, 2010 WL 2854456, at *3 (W.D.N.Y. July 19, 2010) ("Absolute immunity has been extended to court-appointed social workers, doctors, psychiatrists, and evaluators who conduct activities which are 'inexorably connected with the execution of court procedures and are analogous to judicial action.'") (alteration omitted)(quoting Scotto v. Almenas, 143 F.3d 105, 111 (2d Cir. 1998)); Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984) (psychiatrists and psychologist who examined child and whose findings were used by state court in determination of custody immune from suit)).

(2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

VI. All Writs Act Warning

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Here, although this is Plaintiff's third case in this Court relating to his underlying Matrimonial Action, the Court

12

declines to order Plaintiff to show cause why an order barring him from filing any new complaint relating to this subject matter should not be entered.  Rather, Plaintiff is warned that similar, future complaints will not be tolerated.  If Plaintiff persists in this course of conduct, the Court may revisit this issue and may result in the issuance of an Order prohibiting Plaintiff from filing any future lawsuit relating to the Matrimonial Action without first obtaining leave of Court.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rules of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should he file another action relating to the Matrimonial Action, it is within the Court's authority to consider imposing sanctions upon him.  See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED. However, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3). Plaintiff is warned that similar, future complaints will not be tolerated. If Plaintiff persists in this course of conduct, the Court may issue an Order prohibiting Plaintiff from filing any future lawsuit relating to the Matrimonial Action without first obtaining leave of Court after affording Plaintiff notice and an opportunity to be heard. Plaintiff is also cautioned that Rule 11 of the Federal Rules of Civil Procedure applies to pro se litigants, and should he file another action relating to the Matrimonial Action, it is within the Court's authority to consider imposing sanctions upon him. The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the pro se Plaintiff and mark this case CLOSED. Given the dismissal of the Complaint, Plaintiff's application seeking to withdraw the Complaint is DENIED as it is now moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore leave to appeal in forma pauperis is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S.

438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                SO ORDERED.

                                /s/ JOANNA SEYBERT_____
                                Joanna Seybert, U.S.D.J.

Dated:    December __19__, 2018
            Central Islip, New York